[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 96-2351

 JOHN DOE, ET AL.,

 Plaintiffs, Appellants,

 v.

 BRUCE MOFFAT, ET AL.,

 Defendants, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Mary M. Lisi, U.S. District Judge]

 

 Before

 Selya, Boudin and Stahl,
 Circuit Judges.

 

Gerard McG.DeCelles and Stephen A. DeLeo on brief for appellants.
Jeffrey B. Pine, Attorney General, and James R. Lee, Assistant
Attorney General, on brief for appellees.

 

 JUNE 11, 1997
 

 Per Curiam. We have carefully considered the

relevant case law, the record and the parties' briefs. We

affirm the district court's decision substantially for the

reasons  stated  in  its  Memorandum and Order of October 22, 1996.

We add only the following comments.

 I. Damages Claims

 In the context of a state actor's entry into a home to

investigate  a report of child abuse or neglect and to remove a

child  from  his  parents'  custody, the standards under the Fourth

Amendment  and  the  Due  Process Clause are essentially the same.1

The search fits within the exigent circumstances exception to

the  Fourth  Amendment's  warrant requirement if "the state actors

making the search . . . have reason to believe that life or

limb is in immediate jeopardy and that the intrusion is

reasonably  necessary  to  alleviate the threat." Good v. Dauphin

County Social Services, 891 F.2d 1087, 1094 (3d Cir. 1989). 

 Similarly, the Due Process Clause tolerates officials'

taking custody without a prior hearing "if a child is

immediately  threatened with harm or is bereft of adequate care

 1 We assume, without deciding, that the Fourth Amendment's
warrant and probable cause requirements apply in this
context. But cf. McCabe v. Life-Line Ambulance Service, 77
F.3d 540 (1st Cir.) (reversing decision denying defendants'
motion for summary judgment on ground that city's policy of
permitting police officers to execute civil commitment orders
by means of forcible entries into private residences fell
within the "special need" exception to Fourth Amendment
warrant requirement), cert. denied, U.S. , 117 S. Ct.
275 (1996). 

 -2-

or  supervision. . . . [I]t is sufficient if the officials have

been presented with evidence of serious ongoing abuse and

therefore have reason to fear imminent recurrence." Robinson

v. Via, 821 F.2d 913, 922 (2d Cir. 1987). See also Weller v.

Dept.  of  Social Services for Baltimore, 901 F.2d 387, 393 (4th

Cir. 1990) ("Due process does not mandate a prior hearing in

cases where emergency action may be needed to protect a

child."); Lossman v. Pekerske, 707 F.2d 288, 291 (7th Cir.

1983) ("When a child's safety is threatened, that is

justification  enough  for  action first and hearing afterward.").

 "In order to survive the 'swing of the summary judgment

axe,' the nonmoving party must produce evidence on which a

reasonable  finder of fact, under the appropriate proof burden,

could  base  a  verdict for it; if that party cannot produce such

evidence,  the  motion  must be granted." Ayala-Gerena v. Bristol

Myers-Squibb  Co., 95 F.3d 86, 94 (1st Cir. 1996) (quoting Mack

v.  Great  Atlantic and Pacific Tea Co., Inc., 871 F.2d 179, 181

(1st Cir. 1989)). Given appellants' failure to provide any

factual support for their claims, the district court properly

 -3-

took defendants' statement of uncontested facts as admitted.2

See id. at 95.

 Even  if  on  the undisputed facts, viewed in the light most

favorable  to  appellants, a reasonable jury could conclude that

the  foregoing requirements of the Fourth Amendment and the Due

Process  Clause were not met in this case, the defendants would

be entitled to qualified immunity. No reasonable jury could

conclude on these facts that defendants lacked an objectively

reasonable basis for their decision to remove the infant

plaintiff.   S ee Hollingsworth v. Hill, 110 F.3d 733, 741 (10th

Cir. 1997); Van Emrik v. Chemung County Dept. of Social

Services, 911 F.2d 863, 866 (2d Cir. 1990). With respect to

defendant Rhode Island Department of Children, Youth and

Families, "[i]t is settled beyond peradventure . . . that . .

.  a  state  agency  .  .  .  may not be sued for damages in a section

1983 action." Johnson v. Rodriguez, 943 F.2d 104, 108 (1st

Cir. 1991).

 II. Stay of Discovery

 Appellants  argue that their ability to oppose the summary

judgment motion was hampered by the order staying discovery.

 2 Appellants argue that they provided factual support in
the form of references to a transcript of a Rhode Island
Family Court proceeding. As appellants concede, however,
that transcript was not submitted to the district court (nor
has it been submitted to this court) and, therefore, the
references thereto are mere "unsupported factual allegations"
which were properly disregarded by the district court. 
Ayala-Gerena, 95 F.3d at 95.

 -4-

"It is well settled that the trial judge has broad discretion

in ruling on pre-trial management matters, and we review the

district court's denial of discovery for abuse of its

considerable discretion." Ayala-Gerena, 95 F.3d at 91.

Appellants' opposition to summary judgment was "deafeningly

silent  as  to  their inability to oppose summary judgment due to

incomplete discovery." Id. at 92. Appellants still have not

identified how their opposition was hampered by the district

court's order staying discovery. Under these circumstances,

appellants' argument that summary judgment was premature in

this case is without merit. See R.W. Intern. Corp. v. Welch

Food, Inc., 13 F.3d 478, 488 (1st Cir. 1994).

 The district court judgment is affirmed. See Loc. R.

27.1.

 -5-